Ms. Rupp. Good morning. May it please the Court. Ashley Rupp on behalf of petitioner-appellant Vu Trong Nguyen. I'd like to reserve two minutes for rebuttal, and I'll address the certified issue of ineffective assistance of counsel for failure to request the lesser-included offense instruction of voluntary manslaughter in the heat of passion. First, I'd like to state that we appreciate the highly deferential standard, as recently stated by the Supreme Court in Harrington v. Richter. While it is a difficult standard to meet, we believe that we have met that standard here. That was not briefed, right? Was the Richter standard briefed by either side? No. There was a notification sent by the Attorney General, Deputy Attorney General, and we responded, but the case came out after the briefing was completed. Here, we apparently must assume that the State courts met or found, went to the merits on the prejudice arm of the Strickland test, even despite their summary denial. That determination was objectively unreasonable. Actually, can I just roll you back for a second?  This was a situation where the superior court, the court underneath the Supreme Court, ignored the issue, characterized the failure to give the instruction as an IAC claim and not an independent claim, right? And then the Supreme Court simply denied the petition. So one possibility is that no one was paying attention to the instruction claim as an independent claim. That's absolutely correct. And I believe, you know, I feel very couched by Harrington v. Richter in that it's a very strong statement by the Supreme Court. However, there is no indication that any court below actually considered this particular claim. Petitioner raised it, but it was one of, I believe, six or seven IAC claims, and it was maybe three paragraphs in his very long petition. But we just don't have a reasoned decision on this. Correct. There is no reasoned decision on this in the State court on this IAC claim. And there was no response either of argument below except for Petitioner's arguments. However, even assuming a reach on the merits in the State court, we believe that that decision would be objectively unreasonable if this Court does an independent review of the facts in this case. And that's because counsel's error here, it's reasonably likely that the jury would have found for voluntary manslaughter in the heat of passion rather than murder in the first degree, given the power of the heat of passion evidence in this case. This is a classic heat of passion case. Petitioner's brother was shot at close range twice in front of Petitioner or in the near vicinity. It's unclear in the trial record. About an hour before, the jury found that Petitioner went to the rival gang headquarters and opened fire. The government's own witnesses testified that Petitioner, at the scene of his brother's shooting, was in a panic. He was emotionally distraught. He was persistent in requesting assistance for his brother. Also, the government's expert gang witness stated that in gang retaliation situations, there is always a cooling-off period. Here, there was no cooling-off period. It was about 45 minutes, maybe a half an hour, between when the officer at the scene lost track of Petitioner and when the jury found that Petitioner opened fire at the rival gang headquarters. We submit that that would be found adequate provocation under California voluntary manslaughter law. So what do you make of, although we don't have an IAC finding, we do have a finding on the merits of the court's federity of a sua sponde instruction on that issue. And the court of appeal basically said it's speculative. The evidence of heat of passion was that he was upset, and then they went on to dismiss it over a vigorous dissent, I'll say. But what do we do with that? Well, first, I'd point out that, as you noted, it wasn't on IAC. This was not a question of whether or not he was prejudiced under Strickland. In fact, the court of appeal did not apply any constitutional standard in reviewing whether or not there was prejudice here. They applied California state law. So I think this court is free to review on prejudice under Strickland and does not owe deference to that determination by the state court. I also think that this court or, I'm sorry, this case falls into the camp of cases that this court has found prejudice in effective assistance of counsel cases where counsel failed to request a jury instruction on either a favorable defense or a lesser included offense, and that is United States v. Spann and Pertle v. Morgan. Pertle v. Morgan is probably the best case for this situation because it is an AEDPA habeas review case where this court found that counsel's failure to request in that case a diminished capacity instruction was prejudicial, because the evidence supporting that, you know, that diminished capacity instruction was very strong. I think in this case it's similar. The heat of passion evidence in this case was very strong, and counsel's failure to request that instruction prejudiced and undermines confidence in the jury verdict. But what to what degree of deference do we have to give to the court of appeals characterization of the totality of the evidence, the characterization that there was strong evidence of motive and that there was limited evidence of heat of passion? I mean, in other words, it's not just a legal finding. It's also a characterization of the record. Correct. What kind of deference do we have to give to that? I think we have to, this Court needs to look at whether or not that was objectively reasonable in this, given your review of the facts in this case. And if you disagree and find that it was objectively unreasonable, then you may make your own determination. I think it was objectively unreasonable. I think that the State court did not give adequate power to the heat of passion evidence and invaded the province of the jury by determining that the jury could not have found voluntary manslaughter in the heat of passion, given this evidence. This kind of question should have been put to the jury. There's ‑‑ jurists should not be determining whether or not there was enough evidence when there is evidence on the record in the government's own case-in-chief supporting heat of passion, voluntary manslaughter in the heat of passion. I also think that counsel's performance here was deficient under the cases that I've cited in the Ninth Circuit, and also in that there is no reasonable theory supported by the evidence, which would explain why counsel failed to request this voluntary manslaughter instruction. Judge Patel below posited the first theory we have heard for counsel's actions, and I would submit that that theory is undercut by the evidence. Judge Patel stated that the counsel may have been concerned that his all-or-nothing frame-up, you know, somebody else did it, defense, was ‑‑ would be undercut by offering an alternative to the jurors of voluntary manslaughter in the heat of passion. However, first, defense counsel do that all the time. They offer first innocence, and if you disagree with me there, then that's not the end of your inquiry, jurors. Please look at state of mind and whether or not the highest charge here is actually appropriate. Second, counsel, defense counsel in this case actually did offer an alternative in that they ‑‑ counsel requested murder in the second degree, lesser included offense instruction here. So he was not concerned in that case of undercutting his innocence defense, and therefore, I would think that he would not be concerned about it in the voluntary manslaughter aspect either. It seems that he did not consider that the facts actually supported the lesser included offense of voluntary manslaughter, where the facts on the record didn't seem to support murder in the second degree at all. So I ‑‑ and I cannot come up with and have not heard a reasonable explanation for counsel's actions here. You have about 45 seconds left. I'd like to reserve the rest. Thank you. Good morning. May it please the Court, my name is Pam Critchfield. I'm with the California Attorney General's Office representing Respondent. I think under, well, under the recent Supreme Court case of Harrington v. Richter, in order to grant this habeas relief in this case, this Court would have to find that the State court's ruling was so lacking in justification that error is well ‑‑ was well understood and comprehended in existing law beyond any possibility for fair‑minded disagreement. And I would submit that the deference is owed to the summary denial by the California Supreme Court in this case. Counsel, counsel, tell us exactly what the justification could be. For the decision? Not to ask for the lesser included. Because the case ‑‑ this was a case of no identity of actual ‑‑ of the defense of actual innocence. No identity, nobody identified the killer initially at the time of the shooting. A week or so later, five people who were there identified the defendant in a photographic lineup. At trial, everybody recanted their testimony. This was a case of who did it? It was clearly the most logical and reasonable defense that the defense attorney had. The government was already going to introduce evidence of the shooting of his brother, shooting or the knifing, killing of his brother. The government was going to do that because that was part of the motive. So the evidence was going to come in in any event. It's not like choosing a particular strategy would cabin the evidence. That evidence was going to come in. And so how could it ‑‑ I mean, in what respect was it strategic not to enable an instruction that would cover that evidence? Well, because I think if you ‑‑ you can't just choose an instruction. You need to argue it and consider the evidence. The instruction informs what the prosecutor is going to put on. And the evidence of premeditation was fairly strong in that there were three people and a getaway car. There was the main shooter. Petitioner was the main shooter. And then there were two additional people shooting outside of the garage. And then there was a getaway car. So within that half an hour after the brother was shot, the petitioner gathered those other witnesses and the getaway driver and headed over to the rival gang's headquarters. In one sense, it's exactly because we're talking about instruction that what you're arguing doesn't exactly make sense, because a trial lawyer could argue X to the jury, could emphasize X to the jury, and the judge gives an instruction that is essentially multiple choice. And he uses that as a reserve. There's no way that that's ‑‑ I know, but it's ‑‑ I'm sorry. Go ahead. But your answer to me will be that the California court found it inconsistent. Are we within the reasonableness area? What do we make of the dissent? Does the dissent suggest that this really was a range of reasonableness and therefore we have to defer? Or does the dissent suggest that there's really some problem here? I think the dissent suggests that it's within the range of reasonableness, that he disagreed on that particular issue with the majority. And his view was the same as Justice Kennard in the dissent in Breverman. He agreed with that view. I think that the standard is such that the state court, it just has to be ‑‑ we have to ‑‑ what reasonable ‑‑ what could they reasonably have concluded in order to support this conviction? Just a second, if you don't mind. It's one thing for the court to say, well, the trial court was not required to give the instructions corresponding. I mean, that's a tough argument to make, I think. But it's a different matter on Strickland, and we don't have a decision on that. But we have a summary denial by the California Supreme Court. Sure, I understand that. We don't have a reasoned decision. That's true. Slightly different from what we've been talking about. True. So here's my question. Let's follow up on Judge Gertner's question. I don't ‑‑ I understand the point that Judge Patel was making that an all or nothing strategy is something you could pursue at argument. I really don't understand why you don't put in an instruction to allow, at least offer the instruction. That wasn't really a particularly reasoned decision. It's a casual ‑‑ all we have in the transcript is the judge saying, well, you're not asking for LIO, and he says, that's right. That's all we have. The California Court of Appeal, and it's in ER 71 in the excerpts of record, make a factual finding that the voluntary manslaughter instruction was refused. Yes, it did. How is that supported in the record, though? Oh, you mean, well, they've made the finding based on that instructional conference that you just referred to. Right. So let me quote it to you, and you tell me how you think. It says, first of all, you're not asking for an LIO, are you, Mr. Monti? He says, no. How is that a requested instruction and a denial? And then he goes on to say, I think the court says, based on the evidence, I understand based on what has come in so far. I think he clearly made a strategic decision to refuse the full man. Well, he may well have. I'm not suggesting he didn't, but I don't understand. I mean, he didn't ask. He didn't ask for the instruction. No, he didn't ask for it. Maybe we were... He didn't ask for it, and then the second degree was asked for and was given. But the LIO and voluntary manslaughter or heat of passion was not, was refused. I mean... So maybe we're plowing old ground here, but I just want to make sure I understand your answer. What's the logical reason for not asking for the instruction? I mean, you can argue anything you want to. You can argue all or nothing. You don't have to refer to the instruction. Why not give the... I don't understand the tactical reason. I think the tactical reason is that he felt it was a stronger defense that he would say, my guy didn't do it. He wasn't the shooter, based on the strong evidence of that. And that was the best and strongest argument. If you read his closing argument, he hammers away on it vigorously. I think we may be miscommunicating a bit. I don't quarrel with what you're saying. I just don't understand why, what the tactical reason would be for not including that in the instructions. You don't have to argue it. I think what Judge Patel said, because it would undercut the all or nothing, I didn't do it. But if I did, it was in the heat of passion. I think it's weaker than I didn't do it. It wasn't me. No one ID'd me. No one's ID'd me here at trial. And it was a frame-up. Here's the difference. I take your point, which is, if you say that arguing as counsel, the alternative arguments tend to weaken each other. But when the court is giving instructions, the jury doesn't know anything about the lawyers asking for instructions or not asking for instructions in particular. This is the court giving them instructions. So that would have no implication on his strategy. The instruction could have easily come from the state or defense. So, to me, there doesn't seem to be a tactical reason not to put it in there as kind of a safety net. Well, if it was put in, it's conceivable the district attorney would have argued presented a case to show that it was his burden to prove that it wasn't done in the heat of passion. In which case, then, defense counsel would have to combat that evidence. And then you get into, okay, I didn't do it. But if I did, it was in the heat of passion. And then let's deal with all this other evidence. The evidence to combat the heat of passion was already the evidence for first-degree murder. In other words, that was already in the case. That was the government's case, was to show premeditation, et cetera. This was, there was nothing to combat. This was simply saying evidence that was already going to be in the case, which is my brother was killed an hour before and these are the likely people who did the killing. The only thing was, then, to figure out a way to basically spin that in a different direction, which is what the instructions would have done. I mean, what, I think we're going around in circles. There's no, one can always have instructions and argue something different. Particularly when the evidence was already in the case. One can, but I think it's a reasonable choice not to do that. It's a reasonable choice to make the decision to argue it wasn't my client. He didn't do it based on the evidence in this case. And that's all the standard is. Yeah, we don't know in this case why he did it, do we? We don't know. We can speculate, but we don't have, there was no evidentiary hearing. Right. But under Richter, I'm sorry. No, under Richter. Sorry. I'm just saying, we don't know in this case, so we have to speculate. That's true. That's true. But under Richter. I take your point. Okay. Thank you. If there are no further questions, I'll just put it. Any questions, Judge Fletcher? Okay. Now, escape from us now. Thank you. I'd just like to point out that under Richter, as a panel on which Judge Fletcher sat and Judy Rui Ryan, we're not counting noses about how many state court justices have looked at this determination before. And, in fact, here we have no idea whether any state court has looked at this issue before. Rather, it's this court's province to make an independent review of the facts and determine whether it was objectively unreasonable and whether counsel's error here was unreasonable as well. But just to clarify, the state court didn't have an evidentiary hearing and there were no affidavits one way or the other in the state court presented by counsel, right? That's correct. Okay. And as well. You have to refresh me. Did your client provide an affidavit either in state or federal court? Not that I. We don't know whether he was consulted and we don't know what the situation is. Correct. Correct. All we have is the trial record in this case. And I would submit also that the trial record shows that by the end of the trial, the innocence defense had been substantially weakened by the prosecution's impeachment of alibi witnesses of the identifying witnesses who were now forgetting at trial and by the fact that, unfortunately, Petitioner had submitted a note to a witness that was about to testify that looked like he was going to coach the witness. So it was unreasonable where there's substantial evidence of a lesser charge that counsel did not request that instruction in this case particularly. I would also like to point out that one can have evidence of premeditation and also have a jury finding of voluntary manslaughter in the heat of passion and that is found in Pirtle v. Morgan. And if there are no further questions. Well, just one that may not be entirely relevant to the issue in front of us, but I'm just curious. You spent a lot of time with this case. Do you think that the entire strategy of the defense was flawed in this case? In other words, making an identity defense as opposed to making a heat of passion defense? I think that it was a flaw to not request that instruction. Absolutely. I think that counsel has a duty to request that instruction and provide the jury with a backstop where the... No, I understand that argument. But, I mean, you haven't concluded that the entire defense was flawed. You haven't made that argument. No, I have not made that argument and I would not make that argument. I think you can have both. Yeah. Thank you. Thank you. Thank you both for your arguments and presentations today. The case will be submitted for decision.
judges: Gertner, Fletcher B. , Thomas